IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| MATTHEW LEE ROBERSON | § | |
| v. | § | CIVIL ACTION NO. 5:22cv85 JRG-JBB |
| WARDEN, FCI-TEXARKANA | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Petitioner Matthew Roberson filed this application for the writ of habeas corpus under 28 U.S.C. § 2241 challenging the computation of his sentence. The case was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and Local Rue CV-72 of the Local Rules of Court for the Eastern District of Texas.

In his petition and a motion for summary judgment, Petitioner argues that he should receive credit for 339 days he spent on pretrial home detention. He says that he was ordered to reside in home detention by the U.S. District Court for the Eastern District of Missouri, and this should count as "official detention" entitling him to credit for the time. However, he says that the Bureau of Prisons has interpreted a Supreme Court decision in *Reno v. Koray*, 515 U.S. 50, 57-58 (1995) to say that defendants on pre-sentence release are not entitled to any credit off the subsequent term of imprisonment if such release was a condition of bond or release on recognizance. According to the Bureau, Petitioner is claiming time during which he was released on bond, and so is not entitled to sentence credit for that time. However, Petitioner maintains that the Bureau's interpretation of *Koray* is contrary to Bureau policies concerning state, local and international detention facilities, and also is contrary to textual interpretation, statutory construction, due process, and fundamental fairness. Petitioner further claims that the Bureau's interpretation has been undermined by later Supreme Court holdings, is unreasonable, and should be reconsidered. The Government has filed

1

an answer arguing that time spent on bond is not "official detention" and so Petitioner is not entitled to that time.

On June 27, 2023, Petitioner filed a change of address, notifying the Court that he was in community custody at a halfway house in Neelyville, Missouri. He stated that he "expects to release from this facility in the coming months and settle more permanently in the St. Louis, Missouri area." (Dkt. No. 14, p. 1). Petitioner has not contacted the Court since that date; the online records of the Federal Bureau of Prisons show that Petitioner was released from custody on September 5, 2023. *See* Inmate Locator, Federal Bureau of a Prisons, https://www.bop.gov/inmateloc/ (click the "Find By Number" tab and input 46646-044 for the "BOP Register Number" field and click search).

Petitioner's failure to contact the Court or notify the Court of his current mailing address in almost a year renders his petition amenable to dismissal for failure to prosecute. More significantly, however, Petitioner's release from custody renders his habeas petition seeking time credits against his sentence moot. *See Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987); *Herndon v. Upton*, 985 F.3d 443, 446 (5th Cir. 2021). His petition should be dismissed on this basis.

## RECOMMENDATION

It is accordingly recommended that the above-styled application for the writ of habeas corpus be dismissed as moot.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or

general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

SIGNED this the 20th day of August, 2024.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE